### Richard A. Paddock v. W. H. Buchanan & Co.

1. CONTRACTS—*What Must be Shown to Recover Where Contract Provides for the Performance of Concurrent Acts.*—Where, by the terms of a written instrument, defendant promised plaintiff to pay him $125 on condition that plaintiff then turn over to him by "proper assignment" the warehouse receipt mentioned in said instrument, the turning over of the warehouse receipt by proper assignment and the payment of the $125 were by the terms of the instrument to be concurrent acts. In order for plaintiff to recover against defendant he was bound to show an offer or at least a present ability to turn over to defendant by proper assignment the warehouse receipt upon payment of the $125.

Transcript from Justice of the Peace.—Appeal from the Superior Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed October 9, 1903.

E. A. PADDOCK, attorney for appellant.

STEELE & HOLMES, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee, in the court below, had a verdict and a judgment thereon against appellant for $125 in an action brought upon the following instrument in writing, viz.:

"CHICAGO, ILL., June 14, 1900.
W. H. BUCHANAN & COMPANY, 226 E. Kinzie street, city.

GENTLEMEN:—For value received we hereby agree to return to you, on or before October 1, 1900, the goods consigned by you for sale to Henry Delany, of the value of $125, or to pay to you the sum of $125 on or before October 1, 1900, provided you turn over to us, or either of us, by proper assignment, upon payment of the said sum of $125 on or before October 1, 1900, a certain warehouse receipt, dated April 27, 1900, issued by Werner Bros., for certain household goods stored with them by Henry Delany.

Yours truly,
HENRY DELANY,
RICHARD A. PADDOCK."

By the plain terms of this instrument appellant promised appellee to pay him $125 on condition that appellee then turn over to him by "proper assignment" the warehouse receipt in said instrument mentioned. The turning over of the warehouse receipt by proper assignment and the payment of the $125 were by the terms of the instrument to be concurrent acts. Appellant had no right to demand that the warehouse receipt be turned over to him without paying the $125, nor had appellee the right to demand of appellant the $125 without turning over to him by proper assignment the warehouse receipt. To establish a right of recovery against appellant in the court below, appellee was bound to show an offer, or at least a present ability, to turn over to appellant by proper assignment the warehouse receipt upon payment of the $125. The record fails to show such evidence. On the contrary it appears that while the warehouse receipt was delivered to appellee by Delany it was never indorsed or assigned by Delany.

It is not, nor has it ever, therefore, been in the power of

appellee to turn over to appellant the warehouse receipt by proper assignment.

In our opinion the instruction to the jury to find for the defendant should have been given.

The judgment will be reversed and the cause remanded.